IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-03056-BNB

PAUL PERAZA,

      Plaintiff,

v.

MARTINEZ,
KEMENA, and
THE UNITED STATES OF AMERICA,

      Defendants.

_____

AMENDED ORDER GRANTING PLAINTIFF LEAVE TO PROCEED PURSUANT TO
28 U.S.C. § 1915 AND DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

_____

Plaintiff, Paul Peraza, is a prisoner in the custody of the federal Bureau of

Prisons and is incarcerated at the United States Penitentiary in Lewisburg,

Pennsylvania.  He initiated this action by submitting *pro se* a Complaint asserting a

deprivation of his constitutional rights by the individual Defendants, pursuant to *Bivens*

*v. Six Unknown Named Agents*, 403 U.S. 388 (1971), as well as a claim against the

United States of America under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§2671-

2680.  Defendants Martinez and Kemena are prison guards at USP-Florence,

Colorado, and the Complaint arises out of the individual Defendants' alleged use of

unlawful force against Plaintiff at USP-Florence.

Mr. Peraza has filed a Prisoner's Motion and Affidavit for Leave to Proceed

Pursuant to 28 U.S.C. § 1915 (ECF No. 3), which will be granted solely on the basis of

Plaintiff's inability to prepay fees or give security therefor.

The Court must construe the Prisoner Complaint liberally because Mr. Peraza is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not act as an advocate for *pro se* litigants.  *See Hall*, 935 F.2d at 1110.   For the reasons discussed below, Mr. Peraza will be directed to file an Amended Complaint that demonstrates the Court's subject matter jurisdiction over his FTCA claim.

The federal courts have an independent obligation to determine whether subject matter jurisdiction exists.  *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999).

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *Dahl v. United States*, 319 F.3d 1226, 1228 (10th Cir. 2003) (quoting *Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 475 (1994)).  The FTCA waives the United States' sovereign immunity from tort claims and makes it liable "in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674.  A tort claim against the government, however, is "forever barred unless it is presented to the appropriate Federal agency within two years after such claim accrues."  28 U.S.C. § 2401(b).

An action against the United States under the FTCA "shall not be instituted" "unless the claimant shall have first presented his claim to the appropriate federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or agency mail.  28 U.S.C. § 2675(a).  The agency's failure to make a final disposition of a claim within six months after it is filed shall be deemed a final denial of the claim.  *Id.*  "The [FTCA's notice] requirements are jurisdictional and cannot be

2

waived." *Bradley v. United States ex rel. Veterans Admin.*, 951 F.2d 268, 270 (10th Cir.1991); *see also Estate of Trentadue ex rel. Aguilar v. United States*, 397 F.3d 840, 852 (10th Cir. 2005) ("Because the FTCA constitutes a waiver of the government's sovereign immunity, the notice requirements established by the FTCA must be strictly construed.). Mr. Peraza will be directed to file an Amended Complaint in which he alleges sufficient facts, or submits documentation to show, that he complied with the FTCA's pre-suit administrative requirements.

Further, Mr. Peraza is reminded that "the FTCA and a *Bivens* claim are alternative remedies." *Robbins v. Wilke*, 300 F.3d 1208, 1213 (10th Cir. 2002). "When a federal law enforcement officer commits an intentional tort, the victim has two avenues of redress: 1) he may bring a *Bivens* claim against the individual officer based on the constitutional violation, or 2) he may bring a common law tort action against the United States pursuant to the FTCA." *Engle v. Mecke*, 24 F.3d 133, 135 (10th Cir.1994) (citations omitted). Accordingly, a plaintiff can pursue a *Bivens* action against a federal official in his individual capacity and an FTCA claim against the United States arising out of the same subject matter, but a judgment against the United States under the FTCA precludes recovery against the federal employee under *Bivens*. *Engle*, 24 F.3d at 135 ("Although the plaintiff may elect initially to bring his action against either defendant, a judgment against the United States under the FTCA constitutes a complete bar to any action by the claimant, by reason of the same subject matter, against the employee . . . whose act or omission gave rise to the claim.'") (quoting § 2676); *see also Trentadue*, 397 F.3d at 858-59 (concluding that district court was

required to vacate *Bivens* judgment where court later entered judgment on FTCA claims arising out of the same subject matter, pursuant to § 2676).

If Mr. Peraza intends to pursue an FTCA claim against the United States, he must demonstrate his compliance with the FTCA's pre-suit administrative requirements. If he has not complied with those requirements, and does not omit the FTCA claim from the Amended Complaint, the FTCA claim will be dismissed for lack of subject matter jurisdiction.  Plaintiff is warned that any future FTCA action against the United States must satisfy the requirements of 28 U.S.C. § 2401(b).  *See Franklin Sav. Corp. v. United States*, 385 F.3d 1279, 1287 (10th Cir. 2004) (Timeliness "is one of the conditions of the government's waiver of sovereign immunity under the FTCA, and [a federal] court lacks subject matter jurisdiction to proceed under the FTCA if a plaintiff fails to satisfy the FTCA's timing requirements set forth in § 2401(b).").   Accordingly, it is

ORDERED that the Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 3), is GRANTED.  It is

FURTHER ORDERED that Plaintiff, Paul Peraza, file **within thirty (30) days from the date of this order,** an Amended Complaint that complies with the directives in this order.  It is

FURTHER ORDERED that Plaintiff shall obtain the court-approved Prisoner Complaint form (with the assistance of his case manager or facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Plaintiff fails to file an Amended Complaint within

4

the time allowed, the Court may dismiss some or all of this action without further notice.

DATED November 18, 2014, at Denver, Colorado.

BY THE COURT:

S/ Gordon P. Gallagher

_____
United States Magistrate Judge